# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Cellular telephone assigned number (414) 242-2566<br>("TARGET CELL PHONE") | ) ) ) ) ) ) ) Case No. 24-824M(NJ)<br>**Matter No.: 2024R00019** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the  Eastern  District of  Wisconsin
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before 3/27/2024  *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    xx☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Honorable Nancy Joseph  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 3/14/2024 @ 3:27 p.m.

*Judge's signature*

City and state:   Milwaukee, Wisconsin     Hon. Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

1. Records and information associated with the cellular device assigned **414-242-2566** (referred to herein and in Attachment B as "the **Target Cell Phone**"), with historical listed subscriber George Brooks that is in the custody or control of T-Mobile (referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is headquartered at Bellevue, Washington.

2. The **Target Cell Phone**.

**ATTACHMENT B**

**Particular Things to be Seized**

I. **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

   a. Information associated with each communication to and from the **Target Cell Phone** for a period of 30 days from the date of this warrant, including:

      i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

      ii. Source and destination telephone numbers;

      iii. Date, time, and duration of communication; and

      iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the **Target Cell Phone** will connect at the beginning and end of each communication

   The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the **Target Cell Phone**.

   b. Information about the location of the **Target Cell Phone** for a period of 30 days during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

      i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the **Target Cell Phone** on the

1

Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II.     Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Section 841(a)(1) (distribution of a controlled substance) involving GEORGE BROOKS, and others.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Cellular telephone assigned number (414) 242-2566<br>("TARGET CELL PHONE") | ) ) ) ) ) ) Case No. 24-824M(NJ)<br>**Matter No.: 2024R00019** |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Eastern_____ District of _____Wisconsin_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Distribution of a Controlled Substance |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ James Buck*
Applicant's signature

SA James Buck, FBI
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ *(specify reliable electronic means)*.

Date: 3/14/2024

*/s/ Nancy Joseph*
Judge's signature

City and state: Milwaukee, Wisconsin

Hon. Nancy Joseph, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT
### Matter No.: 2024R00019

I, James Buck, being first duly sworn, hereby depose and state as follows:

I. **<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **(414) 242-2566**, (the "**Target Cell Phone**"), whose service provider is T-Mobile ("Service Provider") a wireless telephone service provider headquartered in Bellevue, Washington. The **Target Cell Phone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant application seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), I also make this affidavit in support of an application by the United States of America for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the **Target Cell Phone**.

3. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since June of 2023. Since June of 2023, I have been assigned to the FBI's Milwaukee Area Safe Streets Task Force (MASSTF), a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including narcotics trafficking and conspiracy to possess narcotics with intent to distribute as defined under Title 21 of the United States Code, I have been

trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have participated in criminal investigations, surveillance, search warrants, interviews, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how and why narcotics traffickers typically conduct various aspects of their criminal activities. I have experience in the investigation of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses, and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

4. The facts in this affidavit come from my personal observations, training, experience, and information obtained from other agents, law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

5. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

6. The Federal Bureau of Investigation ("FBI") is investigating allegations that members of the Gangster Disciples street gang, including GEORGE BROOKS, are conspiring with each other, and other individuals yet unknown, to transport and distribute controlled substances, namely marijuana, heroin, cocaine, and fentanyl in Milwaukee, Wisconsin. The investigation has revealed that BROOKS has used the **Target Cell Phone**, in the Eastern District of Wisconsin, in furtherance of drug-trafficking activity as it's the primary means of communicating with his customers and supplier(s) to further his drug enterprise.

7. There is evidence that information concerning the ongoing use of the **Target Cell Phone** will provide evidence of a criminal offense, namely the distribution of controlled substances, in violation of Title 21, Unites States Code, 841(a)(1).

8. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i).

9. Based on the facts set forth in this affidavit, there is probable cause to believe that GEORGE BROOKS (DOB: 11/04/1994) has violated Title 21, United States Code, Section 841(a)(1) (distribution of a controlled substance). There is also probable cause to believe that the device described in Attachment A containing the information described in Attachment B, which will constitute evidence of these criminal offenses, will lead to the identification of other individuals who are engaged in the commission of these offenses.

10. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## II. <u>PROBABLE CAUSE</u>

11. In 2023, law enforcement officers began investigating multiple members and associates of a sub-set of the Gangster Disciples street gang. Evidence gathered to date reflects that the Gangster Disciples are a violent street gang and that many of its members are heavily involved in trafficking illegal drugs throughout the City and County of Milwaukee. Evidence further demonstrates that GEORGE BROOKS is a known Gangster Disciple associate and trafficker of cocaine powder, fentanyl, and marijuana.

12. In late January 2023, Milwaukee Police Department (MPD) investigators debriefed a Confidential Human Source (hereinafter CHS)[1] regarding their knowledge of an individual nicknamed "Greedy" and his participation in the illegal distribution of controlled substances. A record check of MPD Intelligence Files revealed GEORGE BROOKS matching the description of "Greedy." A single Milwaukee Police Department booking photograph of GEORGE BROOKS (date of birth: 11/04/1994) was then provided to the CHS, who confirmed the person depicted in the photograph was "Greedy." The CHS indicated that BROOKS is a trafficker of "soft," which is the street term for cocaine, and said BROOKS also distributes marijuana and other narcotics. The CHS indicated BROOKS has, on multiple occasions, possessed up to four ounces of cocaine and several pounds of marijuana while possessing a firearm.

## Controlled Narcotics Purchase

13. Based upon my training and experience, I know that a "controlled buy" (and/or controlled contact) is a law enforcement operation in which a confidential human source purchases drugs from a target. The operation is conducted using surveillance, usually audio and video taping equipment, and pre-recorded purchase money. When a confidential source is used, s/he is searched for contraband, weapons, and money before the operation. The confidential source is also wired with a concealed body recorder and monitoring device. When the transaction is completed, the confidential source meets cases agents at a pre-determined meet location and gives the purchased drugs and the recording/monitoring equipment to the case agents. The confidential source is again

---

1 Case agents believe the CHS is reliable and credible. First, the CHS has provided information and cooperated with law enforcement since 2020. Second, CHS's information is consistent with law enforcements knowledge of violent gang subjects in Milwaukee, Wisconsin. Furthermore, substantial portions of the CHS's information have been corroborated in other investigations by consensual recordings, as well as through independent investigation, including surveillance and information from other sources. Furthermore, the CHS made statements against their penal interest, and the information provided was used to successfully conduct a controlled narcotics purchase from GEORGE BROOKS. The CHS is a convicted felon who has prior convictions for property crimes and intent to distribute a controlled substance.

searched for contraband, weapons, and money. A sample of the suspected drugs is then field tested by case agents for the presence of controlled substance and then placed in inventory pursuant to normal inventory procedures. Telephone calls to the target by the confidential source are consensually recorded calls under the direction and control of case agents and made in the presence of case agents.

14. In November 2023, the CHS conducted an authorized and controlled purchase of narcotics from the target subject, GEORGE BROOKS. Surveillance conducted by MASSTF and MPD corroborated the CHS's description of the manner in which the narcotics purchase took place. The CHS was directed to the location of the purchase via several cellphone calls from the target subject, two of which were captured in recordings managed by MASSTF. Audio and visual recordings of the narcotics purchase were reviewed by law enforcement and a male subject can be observed entering the CHS's vehicle comporting with the CHS's description of the narcotics exchange. Surveillance conducted by law enforcement observed the target subject arrive at the determined location in a vehicle that BROOKS is known to operate. During the narcotics transaction, BROOKS was observed interacting with another vehicle that was also at the same location and eventually conducted the narcotics exchange with the CHS. Following the controlled purchase, the FBI took custody of the suspected narcotics, which were contained in a clear baggie tied off with a knot, which is consistent with street-level narcotics trafficking. The suspected narcotics, which appeared white and chalky, were tested using a NARK II 07 test kit, which indicated the substance was positive for cocaine. The suspected narcotics were also tested using a NARK II 33 test kit, which positively indicated the substance contained Fentanyl. The narcotics have been submitted to the DEA for further chemical testing.

15. The Consolidated Court Automation Programs (CCAP) indicates BROOKS has prior convictions, including Attempting to Flee or Elude An Officer (Felony I) [Milwaukee County

Court Case #2018CF003614], Armed Robbery with Use of Force (Felony C) [Milwaukee County Court Case #2013CF000807], and Burglary of a Building or Dwelling (Felony F) [Milwaukee County Court Case #2012CF005893]. Given these felony convictions, BROOKS cannot lawfully possess any firearms and ammunition.

### Switch in Associated Phone Number

16. At the time of the controlled narcotics purchase, the CHS indicated that GEORGE BROOKS's phone number was (414) 315-8033. In the presence of law enforcement, the CHS called BROOKS at this phone number to arrange the controlled narcotics purchase. Investigators obtained a Pen-Trap and Trace (PRTT) order on (414) 315-8033, which captured incoming and outgoing caller phone numbers. The captured data showed a lack of answered calls in mid-November, indicating the user had potentially dropped the phone number. The CHS subsequently provided a new phone number utilized by GEORGE BROOKS: (414) 315-8080. Investigators obtained a PRTT order on (414) 315-8080. The captured data showed communication between GEORGE BROOKS and a wireless phone number associated with Delida Davila, the listed resident at 3022 W. National Avenue, Apt. 5, Milwaukee, WI. Alex Cortez (DOB: 04/04/1990) (hereinafter Alex Cortez), who the CHS knows to be a marijuana supplier and associate of GEORGE BROOKS, lists the same address as his residence of record. Static electronic surveillance conducted at this location confirmed that Alex Cortez lives at this address. In January 2024, the CHS advised that BROOKS changed his number to (414) 899-1407. According to the CHS, BROOKS used this number to discuss and arrange illicit drug transactions. Case agents obtained a warrant to receive location data pertaining to (414) 899-1407. During this time, the location data showed BROOKS's movement to be limited. Physical surveillance, coupled with the cell phone's locational data, indicated BROOKS spent time at 3705 N 36th Street, Milwaukee, which is where BROOKS's significant other is known to live.

17. In March 2024, the CHS advised case agents that GEORGE BROOKS again changed his phone number. According to the CHS, BROOKS's phone number is now (414) 242-2566 (the **Target Cell Phone**). A query through law enforcement records revealed that "Brooks, George" is the historical listed subscriber of the **Target Cell Phone**, with a listed address known to be associated to BROOKS. The pen register trap and trace toll data for BROOKS previous number (414) 899-1407 is consistent with toll data obtained from the current phone number utilized by BROOKS (414) 242-2566. The CHS remains in communication with BROOKS, who is currently using the **Target Cell Phone**. During these communications, BROOKS has discussed matters related to his drug-trafficking activity from the last week of February to the present, to include potential future narcotics transactions with the CHS and the availability of certain quantities and prices of drugs, primarily cocaine and marijuana. It is common for prices of specific drugs to fluctuate based on the supply and demand of said narcotics and such communications confirms that BROOKS is utilizing the **Target Cell Phone** to continue to drive his drug-trafficking enterprise.

18. It is common for cell phones to be used in narcotics trafficking, often between co-conspirators or to otherwise assist in the facilitation of the crime(s). Burner phones and switching phone numbers are methods often used by narcotics traffickers in an attempt foil certain investigative measures to conceal the identity and activities of the user from law enforcement.

19. Common phone numbers determined through a legally obtained pen register and trap and trace has led to the identification of GEORGE BROOKS as being a contact of Alex Cortez. If a geolocation for the phone number identified as GEORGE BROOKS becomes available, this could lead to further locations utilized in the distribution, storage, and packaging of narcotics, as well as corroborate interaction between conspirators.

20. Based on my training and experience, individuals carry their cellular phones on their person or in a very close vicinity whether it is day or night. Furthermore, most individuals have their own cellular phones, so it is likely the subject(s) cellular phone is using and/or registering with the cellular tower providing service in the general geographic area of the crime.

21. In my training and experience, I have learned that the Service Provider is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

## Cell-Site Data

22. Based on my training and experience, I know that the Service Provider can collect cell-site data on a prospective basis about the **Target Cell Phone**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as the Service Provider typically collect and retain cell-site data pertaining to cellular devices

to which they provide service in their normal course of business in order to use this information for various business-related purposes.

### E-911 Phase II / GPS Location Data

23. know that some providers of cellular telephone service have technical capabilities that allow them to collect and generate E-911 Phase II data, also known as GPS data or latitude-longitude data. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. As discussed above, cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data. Based on my training and experience, I know that the Service Provider can collect E-911 Phase II data about the location of the **Target Cell Phone**, including by initiating a signal to determine the location of the **Target Cell Phone** on the Service Provider's network or with such other reference points as may be reasonably available.

### Pen/Trap Data

24. Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber

Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

## AUTHORIZATION REQUEST

25. Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

26. I further request that the Court direct the Service Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

27. I also request that the Court direct the Service Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the location of the **Target Cell Phone** on the Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

28. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target**

**Cell Phone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

29. Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Cell Phone** outside of daytime hours.

# ATTACHMENT A

**Property to Be Searched**

1. Records and information associated with the cellular device assigned **414-242-2566** (referred to herein and in Attachment B as "the **Target Cell Phone**"), with historical listed subscriber George Brooks that is in the custody or control of T-Mobile (referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is headquartered at Bellevue, Washington.

2. The **Target Cell Phone**.

## ATTACHMENT B

### Particular Things to be Seized

**I.    Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

- a. Information associated with each communication to and from the **Target Cell Phone** for a period of 30 days from the date of this warrant, including:

    - i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;
    - ii. Source and destination telephone numbers;
    - iii. Date, time, and duration of communication; and
    - iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the **Target Cell Phone** will connect at the beginning and end of each communication

    The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the **Target Cell Phone**.

- b. Information about the location of the **Target Cell Phone** for a period of 30 days during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

    - i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the **Target Cell Phone** on the

1

Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II.     Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Section 841(a)(1) (distribution of a controlled substance) involving GEORGE BROOKS, and others.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.